### IN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

Nue Cheer Franklin
Plaintiff,

Vs.

Justin Matthew Parnell, Esq.,
Individually, and in his capacity as
Employee of Parnell and Crum, P.A.,
And Parnell and Crum, P.A.,
Defendant.

Case #: 2:10-cv-495-MHT-CSC

## COMPLAINT

**COMES NOW** the plaintiff in the above styled action and files this Complaint against the above defendants and seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692; and §1692e(10).alleges as follows:

### Jurisdiction

1. This Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331.

### The Parties

2. The plaintiff is a natural person residing in Alabama.

3. The defendant, Justin Matthew Parnell, Esq. is a natural person, employed by the co-defendant, in the state of Alabama, as a debt collector, within the terms of the FDCPA.

4. The defendant, Parnell and Crum is a debt collector within the terms of the FDCPA.

1

## COUNT I

**Violation of 15 U.S.C. 1692g – (Failure to Provide Validation of Debt)**

5. The defendants engaged in collection efforts on behalf of their client, Woodmere at the Lake, and contacted the plaintiff via correspondence on or about July 9, 2009.

6. Plaintiff disputed the alleged claim via her letter sent to the defendants, on or about August 6, 2009, within thirty days of receiving the defendants' first notice, requesting validation of the alleged debt.

7. Defendants failed to respond in any manner, to plaintiff's request for validation of the debt and continued their collection attempts by filing a lawsuit against the plaintiff on behalf of their client, for the alleged debt.

8. Plaintiff filed a cross-complaint against the defendant's client, in the underlying action, and won her cross-complaint.

9. As a result of the defendants' actions of failing to provide plaintiff with validation of the alleged debt, in violation of 15 U.S.C. 1662g, plaintiff incurred damages.

## COUNT II

**Violation of 15 U.S.C. 1692e(10) - (Fraud)**

10. Defendant's initial debt collection letter to the plaintiff contained information on the front of the page which allowed plaintiff seven days to respond; but on the back of the letter the defendants had printed the FDCP notice which allowed plaintiff 30 days to respond and dispute the debt and request validation thereof.

11. As the average consumer, within the terms of the FDCPA, plaintiff was confused by the defendant's notice which had conflicting timelines for allowing a response and contradicting, confusing language throughout.

12. As a result of the defendants' actions in providing conflicting, and confusing information intended to inform plaintiff of her rights and failing to clearly convey said rights in defendants' notice to plaintiff, in violation of 15 U.S.C. 1692e(10), plaintiff incurred damages.

**Wherefore,** as a result of the defendants' actions described in counts I and II above, plaintiff respectfully requests this court to award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each violation and communication; fees and expenses plaintiff incurred in defending herself in the underlying case; reimbursement of any and all amounts awarded the defendant's client in the underlying case (if any); intentional infliction of emotional distress, humiliation and embarrassment; all fees and expenses associated with bringing this action.

**Dated this 8th day of June 2010.**

Respectfully submitted,

Nue Cheer Franklin, pro se
Plaintiff